## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARVIN HAMILTON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-1344** |
| **WARDEN HARVEY GRIMMER** | * | **SECTION: "I"(6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

### PROCEDURAL HISTORY

On October 20, 1999, petitioner, Marvin Hamilton, a prisoner incarcerated in the West Carroll Detention Center in Epps, Louisiana, was charged with one count of

distribution of cocaine.[1]  On August 29, 2000, petitioner pled guilty to the charge and on

August 30, 2000, after petitioner admitted to being a second-felony offender, he was

sentenced to imprisonment at hard labor for a term of 15 years.[2]  Thereafter, petitioner had

five days within which to file a motion for an appeal in connection with his conviction and

sentencing.  See La. Code Crim. P. art. 914.[3]  Petitioner, however, made no effort to seek a

direct appeal.  As such, petitioner's conviction and sentence were rendered final on or about

September 8, 2000, after the five days available to lodge an appeal expired.  See State v.

Counterman, 475 So.2d 336, 338 (La. 1985).[4]

On August 29, 2001, an application for post-conviction relief was filed with

the state district court on behalf of petitioner.[5]  On September 17, 2001, the district court

issued its Order denying petitioner's application without prejudice due to petitioner's failure

---

[1] A copy of the pertinent bill of information is contained in the State rec., vol. 1 of 2.

[2] A copy of petitioner's August 29, 2000 guilty plea to the charge of distribution of cocaine is contained in the State rec., vol. 1 of 2, tab 1.  A copy of the court minutes reflecting his August 30, 2000 sentencing is contained in the State rec., vol. 1 of 2, tab 4.

[3] Pursuant to Acts 2003, No. 949, §1, La.C.Cr.P. art. 914 was amended to provide defendants with 30 days within which to timely appeal their conviction and/or sentence.

[4] The weekend and the Labor Day holiday were excluded in the calculation pursuant to which September 8, 2000 was ascertained as the date petitioner's conviction became final.

[5] See State rec., vol. 1 of 2, tab 6.

to utilize the uniform application for post-conviction relief.[6]  Petitioner did not seek relief from the state appellate court in connection with the district court's decision.

On June 7, 2002, petitioner filed a second state post-conviction application.[7] On June 17, 2002, the state district court denied petitioner relief, finding that he had failed to carry his burden of proof.[8]  Again, petitioner did not seek relief from the state appellate court in connection with the district court's adverse decision.

On August 30, 2002, petitioner filed a third application for post-conviction relief with the state district court.[9]  On October 16, 2002, the state district court denied petitioner's application as untimely.[10]  With respect to this adverse decision, petitioner did seek relief from the state appellate court.  On December 3, 2002, the Louisiana Fifth Circuit Court of Appeal granted petitioner's writ application, finding that petitioner's August 30, 2002 post-conviction application was timely and remanding the matter to the district court for further proceedings.[11]  In accordance with the Louisiana Fifth Circuit's remand, the state district court undertook a review on the merits of petitioner's post-conviction application and,

---

[6] See State rec., vol. 1 of 2, tab 7.

[7] See Stat rec., vol. 1 of 2, tab 5.

[8] See State rec., vol. 1 of 2, tab 8.

[9] See State rec., vol. 1 of 2, tab 10.

[10] See State rec., vol. 1 of 2, tab 9.

[11] See State rec., vol. 1 of 2, tab 11.

on January 15, 2003, denied petitioner relief.[12]   Petitioner sought relief from the state

appellate court in connection with the district court's adverse decision and the Louisiana

Fifth Circuit Court of Appeal, finding "no error in the trial court's ruling of January 15,

2003," denied petitioner's writ application on August 4, 2003.[13]   On October 8, 2004, the

Louisiana Supreme Court likewise denied petitioner relief.   See State ex rel. Hamilton v.

State, 883 So.2d 1035 (La. 2004).

Petitioner filed the instant federal habeas corpus action in the United States

District Court for the Western District of Louisiana on December 27, 2004.[14]   The matter was

transferred to this court on March 29, 2005.   In its Response, the State contends that

petitioner's habeas corpus application is untimely.   For the following reasons, this court

agrees.

---

[12]See State rec., vol. 1 of 2, tab 12.

[13]See State rec., vol. 1 of 2, tab 14.

[14] This December 27, 2004 filing date was ascertained via the Court's use of the "mailbox rule."
Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive
purposes on the date it is delivered to prison officials for mailing, rather than the date it is received
by the court. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Generally, the date a prisoner
signs his petition is presumed to be the date he delivered it to prison officials for mailing.  See
Colarte v. Leblanc, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his
habeas corpus application over to prison officials for delivery to this Court on the date he signed his
application); Magee v. Cain, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and
signature date of habeas petition were the same); Punch v. State, 1999 WL 562729, *2 n.3 (E.D. La.
1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for
mailing on date he signed petition).

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[15]   See 28 U.S.C. § 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.   In this case, because petitioner's time for seeking review expired September 8, 2000, his one-year limitation period commenced running on that date, giving him until September 8, 2001, to timely seek habeas corpus relief.

Petitioner did not file the instant action until December 27, 2004, over three years after his limitation period had expired.   Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).   Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed an application for post-conviction relief with the state district court on August 29, 2001, thereby interrupting prescription with only ten (10) days of his

---

[15] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

365-day prescriptive period remaining.  The district court denied petitioner's application on September 17, 2001.  Under Louisiana law, petitioner then had thirty (30) days, until October 17, 2001, within which to timely seek supervisory review of the district court's adverse decision, see Louisiana Court of Appeal Rule 4-3, after which, prescription, once again, commenced to run.  See Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001) (after the appeal period has lapsed, a post-conviction application ceases to be pending for purposes of interrupting the AEDPA's one-year statute of limitations).  Petitioner did not file a second post-conviction application which, once again, would have tolled prescription, until June 7, 2002, over seven months after his one-year statute of limitations had expired.  Accordingly, the instant action must be dismissed as time-barred absent a basis for equitable tolling.

The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances.  Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999).  The court has elaborated, stating:  "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th

Cir. 1996).  Further, the burden of proof to establish that equitable tolling applies falls to the petitioner.  Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, petitioner, under the "Procedural History" of his supporting memorandum, represents that he never received a copy of the district court's September 17, 2001 decision denying his August 29, 2001 post-conviction application.  Petitioner, however, acknowledges that he did receive a copy of the district court's June 17, 2002 decision denying his June 7, 2002 post-conviction application.  Further, petitioner admits that it was not until August 26, 2002, 39 days after his 30-day appeal deadline expired and prescription once again commenced to run, that he filed a third post-conviction application with the state district court.[16]

This court shall assume, arguendo, that prescription did not run for the entire period from September 17, 2001, when the state district court rendered its adverse decision which petitioner allegedly never received, until July 17, 2002, when petitioner's 30-day appeal period expired in connection with the district court's adverse June 17, 2002 decision which petitioner admittedly did receive.  Under such a factual scenario, the instant action is still untimely.  On July 17, 2002, petitioner still had ten (10) prescription days remaining.  Petitioner, however, allowed these days to expire, waiting, by his own admission, until August 26, 2002, 39 days later, to file another post-conviction

---

[16]See Federal rec., doc. 1, petitioner's supporting memorandum at pp. 1-2.

7

application.  Thus, even with equitable tolling, petitioner's habeas corpus application is nevertheless time-barred.  Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Marvin Hamilton, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __4th__ day of _____August_____, 2006.

LOUIS MOORE, JR.

United States Magistrate Judge